LDA

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**MARIA ISABEL NUNES**
**Plaintiff**
**v.**

[redacted] 08 298 ML

**CA NO.**

**AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, in trust for the registered holders of AmeriQuest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R1**
**Defendants**

---

*There is no prior or pending litigation involving the same causes of action*

NOW COME Plaintiff, by and through her attorney, Ralph Stokes, and for their causes of action against Defendants state as follows:

## I. PARTIES

1. Plaintiff, Maria Isabel Nunes, (hereafter "Plaintiff") is of majority age and a resident of Rhode Island, residing in her home, which is the subject of this lawsuit, at 241 Fifth Street, East Providence, Rhode Island 02914.

2. Defendant, AmeriQuest Mortgage Company (hereinafter "AmeriQuest" or "Defendant") is doing business in the State of Rhode Island. At all times relevant hereto Defendant

originated, owned and/or serviced the Plaintiff's mortgage loan. First Home's principal place of business is located at 1100 Town & Country Road, Orange, CA 92868.

3. Defendant, Deutsche Bank National Trust Company, as trustee (hereinafter "Deutsche" or "Defendant") is not authorized to do business in the State of Rhode Island. Deutsche was assigned the mortgage, and wishes to foreclose on the Plaintiff's mortgage loan. Deutsche 's principal place of business may be located at 60 Wall Street, New York, NY 10005.

## II.
## JURISDICTION

4. This Court has jurisdiction and Venue over the parties and subject matter herein, because the subject property is located in the State of Rhode Island.

5. This Court has jurisdiction over the Federal Claims pursuant to 15 USC §1601 et. seq. and 15 USC §1640(e).

## III.
## FACTS

6. The Plaintiff is a home owner in the State of Rhode Island, residing in her home at 241 Fifth Street, East Providence, Rhode Island 02914.

7. On or about December 23, 2004, the Plaintiffs closed on the mortgage complained of herein.

8. On or about December 23, 2004 the loan complained of closed and there were Loan Discount fees charged of $5,200 of which the Plaintiff was unaware. The Plaintiffs did not receive a Brokers contract or a Good Faith Estimate ("GFE") and/or an Itemization of Amount Fi-

nanced ("IOAF"). The Brokers fees were not disclosed within 3 days of giving application or at least 3 days before the closing.

9. The Plaintiff received all preliminary disclosures required by the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA) on the day of closing.

10. The Plaintiff received at closing a Settlement Statement (HUD-1) disclosing the discount points, which buy down the interest rate.

11. On or about December 23, 2004, the discount points charged in the amount of $5,200 which should have bought down the interest rate ,but did not, stripped Plaintiff of equity in the home . The amount charged for discount points is 2 % of the real loan value. The ramifications of the discount points were never explained to the Plaintiff, and are an illegal kickback due to the fact that Plaintiff received no benefit. If early disclosures had been given, a lock-in agreement would have been included with those early disclosures.

13. AmeriQuest gave no pre-disclosure of the discount points charged before the transaction closing occurred. This stripped the Plaintiff of equity by raising the interest rate payable to First Home.

14. At all times relevant hereto, Defendants regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction, which is the subject of this action was initially payable, making Defendants creditors within the meaning of TIL, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

15. On or about December 23, 2004 ("settlement date"), Plaintiff executed a promissory note and a security agreement in favor of Defendants, ("the transaction"). The transaction

extended consumer credit which was subject to a finance charge and which was initially payable to Defendants. The transaction is designated by Defendants as loan #0104096987.

16. As part of this consumer credit transaction, Defendants retained a security interest in the Plaintiff's home, which is used as Plaintiff's principal dwelling.

17. Before the settlement date, Defendants did not provide to Plaintiff the preliminary disclosures required by Truth in Lending Act (TILA) at 12 CFR 226.17 and 18, or any other preliminary disclosures as required by RESPA at 12 USC §2602(c) and (d), which is commonly known as the Good Faith Estimate and Adjustable Rate Mortgage Program Booklet. The preliminary disclosures were given to the Plaintiff at the closing, with exception of the Booklet, which was never given to the Plaintiff.

18. Either before, during and/or after the settlement date, Defendant failed and/or refused to provide Plaintiff with true and accurate copies of important documents, including but not limited to, copies of a Broker Contract, GFE or IOAF, an accurate TILA disclosure and similar disclosure documents required by Rhode Island General Laws Section 34-23-6..

19. Defendants intentionally failed and/or refused to provide Plaintiff with various disclosures that would indicate to Plaintiff that the contract entered into was void, illegal and predatory in nature, such as an accurate Truth in Lending Disclosure (TIL) for the primary loan as required by 12 CFR §226.17 and 18.

22. Upon information and belief, the TIL given at the closing to Plaintiff was inaccurate in that the Annual Percentage Rate was understated by more than 1.000%, which makes the TIL disclosure ineffective and outside the tolerances allowed by the TILA.

23. The Plaintiff was not given the Good Faith Estimate ("GFE") or Itemization of Amount Financed ("IOAF") before loan closing, which would have disclosed the cost of the loan, it would have reflected whether or not discount points were charged as required by the TILA at 12 CFR §226.4(a) and would have reflected the fact that the loan had a prepayment penalty which was not disclosed to the Plaintiff. These required disclosures would have disclosed the same discount points and/or the true cost of the loan, if either were given and would have given an informed choice to the Plaintiff of whether to shop else where.

24. Defendant was under legal obligation as a fiduciary and had the responsibility of over seeing the purported loan consummation and making sure that Plaintiff's consummation was right and that the Plaintiff received all mandated documentation and material disclosures under TILA and RESPA, before, during and after the transaction. Plaintiff relied upon Defendant's claims that Defendant knew the best way to structure the transaction and would help Plaintiff make the best consumer transaction possible.

## IV.

## VIOLATION OF THE TRUTH IN LENDING ACT AND FOR RECOUPMENT

26. Plaintiff repeat and reallege each and every item and allegation above as if fully and completely set forth herein.

27. The Plaintiff is a consumer and the Defendants sold a Consumer Mortgage loan product to the Plaintiff, which loan is subject to the TILA.

28. Defendants have instituted a non-judicial foreclosure pursuant to the power of sale clause within the note and mortgage/deed of trust. Therefore, the Plaintiff has the right to recoupment pursuant to 15 USC §1640(e) and equitable tolling.

29. All of the Defendants have engaged in a pattern of unfair practices in violation of the Truth in Lending Act ("TILA"), 15 USC §1601 et seq., 15 USC §1635(a), (b) and (g), in that, an inaccurate TILA disclosure was given to Plaintiffs as required by Regulation Z at 12 CFR 226.17 and 18, entitling Plaintiff to damages under 15 USC §1640(a) et seq., of actual damages, twice the finance charge and reasonable attorney fees and costs pursuant to statute. The Material disclosures violations are as follows:

(a) Upon information and belief, The TILA disclosure for the primary loan, Annual Percentage Rate (APR) was overstated by 1.0000% in violation of Regulation Z at 12 CFR §226.22, rendering the TILA disclosure ineffective;

30. Therefore, the Court should declare under 15 USC §1640(a) that the Plaintiffs are entitled to actual damages, twice the finance charge and the $2000.00 statutory penalty for each loan transaction.

## V.

## BREACH OF CONTRACT, GOOD FAITH DEALINGS AND INFLICTION OF INJURY

31. Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

32. Plaintiff has been under severe stress due to the Defendants not giving and/or failure to give proper disclosure and causing the Plaintiff damages as a result thereof.

33. As a result of all of the Defendants' negligence in failing to do good faith dealings, failing to give proper disclosure as outlined above, and causing the loan to be higher in interest, Defendants have breached the contract. Plaintiffs have suffered injury, including damages for pain and suffering and emotional distress. The injuries are continuing in nature.

34. The amount of Plaintiff's damages is currently unknown and will be established at time of trial.

## VI.

## UNJUST ENRICHMENT

35. Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

36. Defendants and their agent had an implied contract with the Plaintiff to ensure they understood all the fees they would pay to the Defendants to obtain credit on their behalf, and not charge any fees that are not reasonably related to the settlement of the loan entered into and with full disclosure to the Plaintiff.

37. Upon information and belief, the TILA disclosure for the primary loan, Annual Percentage Rate (APR) was overstated by 1.0000% in violation of Regulation Z at 12 CFR §226.22, rendering the TILA disclosure ineffective;

38. Defendants cannot in good conscience keep the benefits from their actions of charging a discount point without a benefit to the Plaintiff and undisclosed by preliminary disclosures required by federal and state law.

39. Defendants and/or its agent have been unjustly enriched at the expense of the Plaintiff, and considering the circumstances, allowing the Defendants to maintain the benefit would be contrary to the rules of equity.

40. Plaintiff demand the following restitution from Defendants: Actual and Exemplary damages and reasonable attorney's fee.

## VII

**FRAUD**

41. No GFE was given to Plaintiff before closing.

42. Prior to December 23, 2004, AmeriQuest told Plaintiff that she was going to get a fixed rate mortgage.

43. On or about December 23, 2004 or soon there after, Defendants gave no early Truth in Lending Settlement Statement (TIL) and an Itemization of Amount Financed (IOAF) or Good Faith Estimate (GFE) instead of an IOAF, disclosing the type of loan product or the true costs of the loan product.

44. On or about January 1, 2006 Defendant put Plaintiff in a sub-prime adjustable rate mortgage program with a 2 year fixed and an adjustable rate every 6 months thereafter.

45. On or about January 1, 2006 Defendants mislead Plaintiff by hiding the fact that Plaintiff were going to be put into a sub-prime adjustable rate mortgage program.

46. On or about On or about January 1, 2006 Defendant mislead Plaintiff by hiding the fact that Plaintiff were not going to get a benefit for the discount points charged at closing.

47. On or about On or about January 1, 2006 Defendants mislead Plaintiff by hiding the fact that Plaintiff were going get a benefit for discount points, knowing they were put into a sub-prime loan and that the interest rate would go substantially above any benefit Plaintiff would receive.

48. Defendants knew the representations were false and intended that Plaintiff would rely on them and on their intentional failures to disclose material information.

49. Plaintiff, having the knowledge and experience of an ordinary consumer, did rely on those false representations and on Defendants' failure to disclose to her detriment.

50 The actions of Defendants were willful and without regard to the rights of Plaintiff.

51. As a direct and proximate result of the withholding of information and misrepresentations, Plaintiff has suffered damage to her credit scores, financial damages, punitive damages and emotional distress to be proven at trial.

## VIII

## VIOLATION OF THE FAIR DEBT COLLECTION ACT

1. Defendant Deutsche is not authorized to do business within the State of Rhode Island and thus cannot avail itself of the instruments of the Rhode Island legal/judicial system to attempt to collect its debts. Its attempts to do so are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.,. as well as applicable Rhode Island law

2. Defendant Deutsche may not have standing to undertake a foreclosure against the Plaintiff, insofar as it may or may not be the present holder of the Note executed by the Plaintiff.

## VIII.

## RELIEF SOUGHT

WHEREFORE, having set forth various causes of action against Defendants, Plaintiff prays for the following relief:

1. That the actions of the Defendants be determined to be in violation of the Truth in Lending Act, for the non-compliance and the Regulations promulgated thereunder and enter judgment of twice the finance charge, including twice the interest paid, and award $2000.00 statutory penalty and costs and attorneys fees as provided by 15 USCA §1640(a).

2.. That Plaintiff be awarded consequential damages, including attorney's fees incurred to bring this action, in an amount to be fully proved at the time of trial but in excess of $50,000;

3. That the Plaintiff be awarded her fees and costs pursuant to the written loan agreements which bind the Defendants; and

4. That the Court award treble damages for Defendants and/or it's agent being unjustly enriched in an amount to be proven at the time of trial but in excess of $25,000; and

5. That the Court award such other relief as it deems just and proper.

6. That Defendant Deutsche be ordered to produce the Note which is the basis for its foreclosure.

## X.

## RIGHT TO AMEND

Plaintiff reserve the right to amend this Complaint, asserting other facts and causes of action after further investigation and discovery.

Maria Isabel Nunes

241 Fifth Street,

East Providence, RI 02914

By her Attorney,

Ralph E. Stokes, Esq., Reg. No. 2630

33 College Hill Rd.

Suite 15E

Warwick, RI 02886

401-827-0100

Dated: August 4, 2008

Let Citation Issue

returnable on

________________________________

J.