**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**MARIA ISABEL NUNES**
**Plaintiff**
**v.**

[redacted] 08 298ML
**CA NO.**

**AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, in trust for the registered holders of AmeriQuest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R1**
**Defendants**

---

## ***EX-PARTE*** **MOTION FOR A TEMPORARY RESTRAINING ORDER,AND SHOW CAUSE ORDER**

NOW COMES the Plaintiff by and through her counsel, Ralph Stokes, and request that this court issue a temporary restraining order and order Defendants to show cause why a preliminary injunction should not be issued pursuant to FRCP 65 for the following reasons, and those outlined in the attached brief in support:

1. On December 23, 2004, Plaintiff closed on a mortgage with AmeriQuest Mortgage Company

2. The mortgage was secured by the Plaintiff's residence at 241 Fifth Street, East Providence Rhode Island 02914.

3. Defendant Deutsche Bank National Trust Company, as Trustee, instituted foreclosure proceedings against Plaintiff on or about June 6, 2008.

4. For the reasons stated in Plaintiff's verified complaint and affidavit, unless Defendant is enjoined from concluding its foreclosure proceeding, Plaintiff will be irreparably harmed by the loss of her home.

5. Plaintiff has no adequate remedy at law.

6. Any delay in the issuance of a temporary restraining order until the hearing on a preliminary injunction will result in the following immediate and irreparable harm to Plaintiff: the Defendants are conducting foreclosure proceedings on Tuesday, August 5, 2008 and Plaintiff will lose her home.

PLAINTIFF REQUESTS that this court order the following:

1. Defendant be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any of its officers, agents, employees, and/or representatives, until further order of this court, from proceeding with the foreclosure on Plaintiff's home.

2. This order shall remain in full force and effect until this court specifically orders otherwise.

3. Defendant shall show cause before this court on ___________, 2008, at ___ , or as soon thereafter as counsel may be heard, why a preliminary injunction should not be ordered according to the terms and conditions set forth above.

Respectfully Submitted,

____________________

Ralph Stokes, Esq. (2630)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**MARIA ISABEL NUNES**
**Plaintiff**
**v.** **CA NO.**

**AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, in trust for the registered holders of AmeriQuest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R1**
**Defendants**

---

**BRIEF IN SUPPORT OF *Ex Parte Motion for***

**TEMPORARY RESTRAINING ORDER**

**Introduction**

Pursuant to the Federal and State Truth in Lending Acts (15 USC §1601 et seq, hereafter referred to as "TILA" or "the Act") the Plaintiff, Maria Isabel Nunes, (hereafter "Plaintiff"), seeks to enforce her valid claims and defenses to foreclosure based on a loan allegedly currently with Deutsche Bank National Trust Company , as Trustee and AmeriQuest Mortgage Company, originator of the loan in question (hereafter Defendants"). Plaintiff seek injunctive relief so that they may avert foreclosure on her home.

Plaintiff seeks injunctive relief from this court to enforce their rescission rights. Plaintiff is entitled to that relief because Defendants violations of TILA, any one of which entitles them to rescind the mortgage security interest of Defendant Bank(s). Those items require further discovery in order to demonstrate the requisite likelihood of success. However, as even a single violation of TILA'S material disclosure provisions justifies rescission, there is a high likelihood of success on the merits.

## **Facts**

On or about December 23, 2004, Plaintiff executed a promissory note and security agreement, which transaction is a consumer credit transaction within the meaning of TILA, 15 U.S.C. § 1602 and Regulation Z § 226.2.

Either before, during and/or after the settlement, Defendants failed and/or refused to provide Plaintiff copies of important documents, including but not limited to, the complete Note and Deed of Trust, which would explain her consumer rights, as well as other rights. Defendants also intentionally failed and/or refused to provide Plaintiff with various disclosures that would indicate to them that the contract entered into is void and illegal. Defendants' settlement agent did not furnish copies of numerous mandatory settlement documents at any time in the loan's history.

## **Argument**

The TILA is a ***strict liability consumer protection statute*** which provides for harsh remedies faced with the predatory loan practices of Defendants lenders, including the remedy of rescission. In particular, TILA "was passed to aid the unsophisticated consumer so that he would not be easily misled as to the total costs of financing." (*Thomka v. A.Z. Chevrolet, Inc.*, 619 F.2d 246, 248 (3d. Cir. 1980); *Shepeard v. Quality Siding & Window Factory, Inc.*, 730 F.Supp. 1295, 1299 (D.Del. 1990). See also *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 363-69, 93 S.Ct. 1652, 1657-60, 36 L.Ed.2d 318 (1973)). It was thought that "through TILA, Congress [could] remedy the divergent and often fraudulent practices by which credit customers were apprised of the terms of the credit extended to them.'" *Smith v. Fidelity Consumer Discount Co.*, 898 F.2d 896, 898 (3d. Cir. 1988). "Congress designed the law to apply

to all consumers, who are inherently at a disadvantage in loan and credit transactions." (*Jackson v. Grant*, 890 F.2d 118, 122 (9th Cir. 1989)).

To further this congressional policy TILA achieves its remedial goals by a system of *strict liability* in favor of consumers when mandated disclosures have not been made. 15 U.S.C. §1640(a) (emphasis added). The standard applied is considered "strict liability in the sense that absolute compliance is required and even technical violations will form the basis for liability." (*Shepeard v. Quality Siding & Window Factory, Inc.*, *supra.* at 1299). This means that "technical or minor violations[1] of TILA, or Reg. Z, as well as major violations impose liability on the creditor and entitle the borrower to rescind [the loan]." (*Smith v. Wells Fargo Credit Corp.*, 713 F.Supp. 354, 355 (D.Ariz. 1989)).[2] TILA is a remedial statute which is designed to

---

[2] This rule is inviolate and is followed by courts in all jurisdictions. See, e.g., Smith v. Fidelity Consumer Discount Co., 989 F.2d 896, 898 (3rd Cir. 1990)(The federal Truth in Lending Act (TILA) achieves its remedial goals by a system of strict liability in favor of consumers when mandated disclosures have not been made); Lewis v. Dodge, 620 F.Supp. 135, 138 (D. Conn. 1985); In re Porter, 961 F.2d 1066 (3rd Cir. 1992); Rowland (John M., Carol S.) v. Magna Millikin Bank of Decatur, N.A., 812 F.Supp. 875 (C.D. Ill. 1992) ("even technical violations will form the basis for liability"); New Maine Nat. Bank v. Gendron, 780 F.Supp. 52 (D. Me. 1992); Dixon v. S & S Loan Service of Waycross, Inc., 754 F.Supp. 1567 (S.D. Ga. 1990); Woolfolk v. Van Ru Credit Corp., 783 F.Supp. 724 (D. Conn. 1990) (same with Unfair Debt Collection Practices Act); Morris v. Lomas and Nettleton Co., 708 F.Supp. 1198 (D. Kan. 1989); Jenkins v. Landmark Mortg. Corp. of Virginia, 696 F.Supp. 1089 (W.D. Va. 1988); Laubach v. Fidelity Consumer Discount Co., 686 F.Supp. 504 (E.D. Pa. 1988); Searles v. Clarion Mortg. Co., 1987 WL 61932 (E.D. Pa. 1987); "Liability will flow from even minute deviations from requirements of the statute and Regulation Z." Dixon v. S & S Loan Service of Waycross, Inc., 754 F.Supp. 1567, 1570 (S.D. Ga. 1990); Shroder v. Suburban Coastal Corp., supra. at 1380; Charles v. Krauss Co., Ltd., 572 F.2d 544 (5th Cir. 1978).Shroder v. Suburban Coastal Corp., 729 F.2d 1371, 1380 (11th Cir. 1984) ; Goldberg v. Delaware Olds, Inc., 670 F.Supp. 125 (D. Del. 1987); Curry v. Fidelity Consumer Discount Co., 656 F.Supp. 1129 (E.D. Pa. 1987); Laubach v. Fidelity Consumer Discount Co., 1986 WL 4464 (E.D. Pa. 1986); In re Wright, 133 B.R. 704 (E.D. Pa. 1991); Moore v. Mid-Penn Consumer Discount Co., 1991 WL 146241 (E.D. Pa. 1991); In re Marshall, 121 B.R. 814

balance the scales "thought to be weighed in favor of lenders," and is therefore to be liberally construed in favor of borrowers. *Id.* A creditor who fails to comply with TILA in any respect is liable to the consumer under the statute, regardless of the nature of the violation or the creditor's intent. (*Thomka v. A.Z. Chevrolet Inc.*, 619 F.2d 246, 249-50 (3d Cir. 1980)). Even if the borrower can demonstrate no actual damages, TILA's penalties are applied regardless of whether the borrower was misled or injured. (*See*, *Griggs v. Provident Consumer Discount Co.*, 680 F.2d 927, 932-33 (3d Cir.), vacated on other grounds, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982)).

**Issuance of a Pre Injunction**

Plaintiff seeks a preliminary injunction to bar Defendants' foreclosure sale of her home. The standard for the issuance of a preliminary injunction is well-known. The Court must find: (1) justice requires a TRO, (2) there is no adequate remedy at law, (3) there exists a real and imminent danger of irreparable injury, and (4) success on the merits. *See generally*, *Jeffrey v Clinton Township,* 195 Mich App 260; 489 NW2d 211 (1992)

The irreparable harm to the plaintiff and the harm to the defendant are the two most important factors. Emphasis on the balance of these first two factors results in a sliding scale that demands less of a showing of likelihood of success on the merits when the balance of hardships weighs strongly in favor of the plaintiff, and vice versa.

---

(Bankr.C.D. Ill. 1990); In re Steinbrecher, 110 B.R. 155 (Bankr.E.D. Pa. 1990); Nichols v. Mid-Penn Consumer Discount Co., 1989 WL 46682 (E.D. Pa. 1989); In re McElvany, 98 B.R. 237 (Bankr.W.D. Pa. 1989); In re Johnson-Allen, 67 B.R. 968 (Bankr.E.D. Pa. 1986); In re Cervantes, 67 B.R. 816 (Bankr.E.D. Pa. 1986); In re McCausland, 63 B.R. 665, 55 U.S.L.W. 2214, 1 UCC Rep.Serv.2d 1372 (Bankr.E.D. Pa. 1986); In re Perry, 59 B.R. 947 (Bankr.E.D. Pa. 1986); In re Schultz, 58 B.R. 945 (Bankr,E.D. Pa. 1986); Solis v. Fidelity Consumer Discount Co., 58 B.R. 983 (E.D. Pa. 1986).

Plaintiff has met these criteria:

_Irreparable Harm_ -- without the injunction Plaintiff may lose the only realistic chance she has of saving her home, and/or offsetting any liability on the part of Defendants.

_No remedy at law_ -- the instant case implicates more than mere money damages as it involves the ownership, disposition and forced sale of Plaintiff's real property in the county of Providence.

_Likelihood of Success on the Merits_ -- the foregoing analysis demonstrates a substantial likelihood of success on the merits. On the direct merits of the TILA claims "[O]nce the court finds a violation, no matter how technical, it has no discretion with respect to liability." (In re Wright, 133 B.R. 704 (E.D. Pa. 1991)at 708)). "Any misgivings creditors may have about the technical nature of the requirements should be addressed to Congress or the Federal Reserve Board, not the courts. A strict interpretation furthers the congressional goal of standardizing terminology and procedures in credit transactions." (*April v. Union Mortgage Co.*, 709 F.Supp. 809, 811 (N.D. Ill. 1989)).

_Justice and Balance of Harms_ -- if the injunction is not issued, Plaintiffs may lose their family farm. If the injunction is issued, Defendants are still assured of recouping their principal, still keep the already collected years of payments from Plaintiffs. If Defendants win a judgment against Plaintiffs for any excess over what it has already taken or is secured in escrow by the injunction, it can still attach their house, so it is fully secured. There is no potential injury to any third party interest.

_Public Interest_ -- the public interest is clearly served by the protection of the borrower's home and the judicial correction of the wrongs perpetrated by Defendants.

Defendant Deutsche is not authorized to do business within the State of Rhode Island and thus cannot avail itself of the instruments of the Rhode Island legal/judicial system to attempt to collect its debts. Its attempts to do so are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq..

Additionally, Defendant Deutsche may not have standing to undertake a foreclosure against the Plaintiff, insofar as it may or may not be the present holder of the Note executed by the Plaintiff. This Defendant has had numerous cases of judicial foreclosures terminated throughout the country as a result of its failure to produce the Note which is required to have in order to foreclose on a mortgage based on that Note. It is impossible to say whether this foreclosure action has been properly undertaken unless this Court is satisfied that the Defendant has the legal right to undertake a Rhode Island foreclosure. In the majority of jurisdictions throughout the United States, some form all the judicial imprimatur sure is required in order to conduct a foreclosure. That is not the case in Rhode Island. Hence, without judicial intervention, the rights of borrowers are compromised.

**Conclusion**

Given the violations of the TILA material disclosure requirements, there is ample reason for the court to make a determination that a rescission is valid. In addition, this foreclosure requires that the Plaintiff be permitted discovery. Accordingly, Plaintiff respectfully requests that the court enter a preliminary injunction pending the outcome of the trial and a temporary restraining order pending a hearing.

Respectfully submitted

Dated: August 4, 2008

Ralph Stokes, Esq. (2630)

Attorney for Plaintiffs

CERTIFICATION OF COUNSEL

Plaintiffs' counsel has given notice of this filing to the counsel of Defendant Jessica Rodger, Esq., Orlans/Moran, located at P.O. Box 962169, Boston, Massachusetts 02196, attorney for Defendant.

Dated:___________, 2008

______________________

Ralph Stokes, Esq. (2630)

Attorney for Plaintiffs